UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ALPHA CAPITAL ANSTALT,                          :

                                               Plaintiff,                 :                ORDER
                                                                        :

      -v.-

                                                                         :                15 Civ. 5443 (VM) (GWG)

OXYSURE SYSTEMS INC. et al.,                      :

                                    Defendants.           :
-----------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

       It did not appear to the Court at the conclusion of the conference of October 16, 2015, that there was any lack of clarity as to what documents defendant Oxysure Systems, Inc. was required to produce in response to the plaintiff's document requests. If there is such a dispute, the parties should confer on this issue and any remaining dispute may be brought to the Court's attention by means of a letter compliant with paragraph 2.A of this Court's Individual Practices. Obviously, any dispute should not prevent the Oxysure from producing documents as to which no dispute exists.

       The Court hereby orders the following with respect to the two categories of documents that were discussed at the conference: (1) the transaction documents and (2) the emails related to the transactions.

       With respect to transaction documents, all such documents shall be produced by October 30, 2015. If justified, Oxysure may designate one or more of these documents as "confidential." This restriction means that the documents shall be maintained as confidential and shall be used only for the purposes of this litigation, except as may be specifically permitted by Oxysure in writing. Additionally: (1) If Oxysure files a motion for a protective order with respect to any documents designated as "confidential" on or before December 4, 2015, the restrictions on use shall apply until further order of the Court. (2) If Oxysure does not file a motion for a protective order on or before December 4, 2015, with respect to any documents designated as confidential, these documents shall no longer be subject to any restrictions on use.

       With respect to the emails, all such documents shall be produced by November 20, 2015. If justified, Oxysure may designate any one or more of these documents as "attorney's eyes only." This restriction means that only outside counsel for plaintiff may view these documents and that such attorneys may not reveal the documents or their contents to anyone other than the attorneys authorized to view these documents, except as may be specifically permitted by Oxysure in writing. (1) If Oxysure files a motion for a protective order with respect to any documents designated as "attorney's eyes only" on or before December 4, 2015, these

restrictions on use shall apply until further order of the Court.  (2) If Oxysure does not file a motion for a protective order on or before December 4, 2015, with respect to any documents designated as "attorney's eyes only," these documents shall no longer be subject to any restrictions on use.

The pre-motion conference for any motion for a protective order described in the above paragraph is waived.  The motion must comply with Local Civil Rule 7.1.

SO ORDERED.

Dated: October 26, 2015
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge