# EXHIBIT 2

# Anubis Capital Partners

2550 Midway Road, Suite 198
Carrollton, TX 75006

June 1, 2015

Julian Ross, CEO
OxySure Systems, Inc.
10880 John W. Elliot Drive
Suite 600
Frisco, TX 75033

Dear Julian,

This letter (together with Exhibits A and B annexed hereto and made a part hereof, all of which taken together constitute this ("Engagement Agreement")) confirms our complete understanding with respect to the retention of JPM Capital Advisors, LLC (d/b/a Anubis Capital Partners) ("Anubis") as non-exclusive advisor and consultant to OxySure Systems, Inc. ("Company') in connection with certain business activities.

Upon the terms and subject to the conditions set forth hereinafter, the parties hereto agree as follows:

1. <u>Appointment</u>.  The Company hereby retains Anubis and Anubis hereby agrees to act as the Company's non-exclusive advisor and consultant in connection with the services as more specifically set forth in paragraph 2 below, effective as of the date hereof (the "Effective Date").

2. <u>Scope and Certain Conditions of Services</u>.  The Company hereby retains Anubis to consult with and advise the Company with respect to that certain financing anticipated to be provided by Union Capital and/or GEL Properties and or Adar Bays, LLC (Union, GEL and Adar Bays, collectively, the "Funders"), formulated as of June 1, 2015 to be comprised of 2 simultaneous tranches, the first proposed as a Series C Preferred Stock transaction and the second being proposed as a Series D Preferred Stock transaction ("Financing(s)"), as directed by the Company.  The Financings specifically relate to a possible financing(s) to enable Company to uplist to a higher tier exchange (NASDAQ, NYSE, AMEX). The Company expressly acknowledges and agrees that the obligations of Anubis hereunder with respect to the Financing(s) are on a reasonable best efforts basis only.

3. <u>Fees and Compensation</u>.  In consideration for the services rendered by Anubis hereunder, the Company agrees to pay ANUBIS, and ANUBIS agrees to accept as its sole compensation therefore, the following fees and other compensation:

   a. A success fee (the "Success Fee"), payable upon the successful closing and full funding of both tranches (Series C and Series D) of the Financing agreement with the Funders calculated as the lower of: (1) $165,000.00 (one hundred sixty five thousand dollars); or (2) 3% (three percent) of the net proceeds received

      from the Funders from all equity based financing. The Success Fee will be paid to Anubis in cash and/or stock at Anubis' sole discretion. A Success Fee is due and payable to ANUBIS immediately upon the closing and full funding of the entire Financing.

  b. If Anubis elects to take the Success Fee in OXYS stock, the price for such stock shall be based on the average of the 3 lowest trading prices during the prior 10 trading days to the closing of the Financing.

4.     <u>Term of Retention.</u>  This Engagement Agreement shall terminate at the close of business January 1, 2016 (the "Expiration Date", and the period from the Effective Date through and including the Expiration Date being hereinafter referred to as the "Term of Retention"). After the Term of Retention expires, the Engagement Agreement may be renewed by written agreement by both Anubis and Company on a month to month basis, at no additional cost, fee or expense to the Company.

Notwithstanding anything herein to the contrary, the obligation to pay the Success Fees set forth in paragraphs 3 (a) and (b) (to the extent earned hereunder) shall survive any termination or expiration of this Engagement Agreement for a period of six (6) months.

5.     <u>No Additional Fees or Expenses to the Company</u>.  It is understood and agreed that (i) in no event shall the Company be required to pay any fee, cost or expense to ANUBIS, other than outlined in Section 3 herein, in connection with any Financings at the closing of the Financing.

6.     <u>Miscellaneous.</u>  As more specifically set forth on Exhibit B, this Engagement Agreement shall be governed in accordance with the laws of the State of Texas without giving effect to conflicts of laws generally.

This Engagement Agreement constitutes the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and there is no agreements or understandings with respect hereto which are not contained in this Engagement Agreement.  This Engagement Agreement may be modified only in writing signed by the party to be charged.

If the foregoing correctly sets forth out understanding with respect to the subject matter hereto, please confirm the same by executing and returning to us the duplicate copy of this Engagement Agreement.

ANUBIS will remain committed to entering into this agreement provided it is executed by you on or before June 1, 2015.

Very truly yours,

_____  _____
Julian Ross                                                            Anubis Capital Partners
OxySure Systems, Inc.                                         Jacob Cohen
Chief Executive Officer                                         Partner

Agreed and Accepted
As of this June 1, 2015

**EXHIBIT A**
STANDARD TERMS AND CONDITIONS

1. The Company shall promptly provide Anubis Capital Partners with all relevant information about the Company and the property associated with the Financing (to the extent available to the Company) that shall be reasonably requested or required by ANUBIS which information shall be true, accurate and correct in all material respects at the time furnished.

2. ANUBIS shall keep all information obtained from the Company strictly confidential except: (a) for information which is otherwise publicly available, or previously known to ANUBIS or was obtained by ANUBIS independently of the Company and without breach of ANUBIS's agreement with the Company; (b) ANUBIS may disclose such information to its affiliates, shareholders, officers, directors, representatives, agents, employees and attorneys, and to financial institutions, but shall ensure, to the best of its ability, that all such persons will keep such information strictly confidential; (c) pursuant to any order of a court of competent jurisdiction or other governmental body (ANUBIS will give written notice to the Company of such order within forty-eight (48) hours of receipt of such order); and (d) upon prior written consent of the Company.

3. The Company recognizes that in order for ANUBIS to perform properly its obligations in a professional manner, it is necessary that ANUBIS be reasonably informed of and, to the extent practicable and commercially reasonable, participate in meetings and discussions between the Company, on the one hand, and investors and potential investors introduced relating to the matters covered by the terms of ANUBIS's engagement.

4. The Company agrees that any report or opinion, oral or written, delivered to it by ANUBIS is prepared solely for its confidential use and shall not be reproduced, summarized, or referred to in any public document or given or otherwise divulged to any other person, other than its employees and attorneys, without ANUBIS's prior written consent, except as may be required by applicable law or regulation, which consent shall not be unreasonably withheld or delayed.

5. The Company and ANUBIS represent and warrant to each other that; (a) each party hereto has full right, power and authority to enter into this Agreement and to perform all of its obligations hereunder; (b) the Agreement has been duly authorized and executed and constitutes a valid and binding agreement of the Company, enforceable in accordance with its terms; and (c) the execution and delivery of the Agreement and the consummation of the transactions contemplated hereby does not conflict with or result in a breach of (i) the either party's certificate of incorporation or by-laws or (ii) any agreement to which either party is a party by which any of their property or assets is bound.

6. Nothing contained in the Agreement shall be constituted to place ANUBIS and the Company in the relationship of partners or joint ventures. Neither ANUBIS nor the Company shall represent itself as the agent or legal representative of the other for any purpose whatsoever nor shall either have the power to obligate or bind the other in any manner whatsoever. ANUBIS in performing its services hereunder, shall at all times be an independent contractor.

7. The Agreement has been and is made solely for the benefit of ANUBIS, the Company and each of the persons, agents, employees, officers, directors and controlling persons referred to in Exhibit

    B and their respective heirs, executors, personal representatives, successors and assigns, and nothing contained in the Agreement shall confer any rights upon, nor shall this Agreement be construed to create any rights in, any person who is not a party to such Agreement, other than as set forth in this paragraph.

8. Company acknowledges that Anubis is not a securities broker/dealer and will not perform services that would be performed by a securities broker/dealer. Any compensation paid to Anubis under section 3 of the agreement is based on services provided and will be due and payable regardless of Company receiving funds from Funders.

9. The rights and obligations of either party under this Agreement may not be assigned without the prior written consent of the other party hereto and any other purported assignment shall be null and void without force and effect.

10. All communications hereunder, except as may be otherwise specifically provided herein, shall be in writing and shall be mailed, hand delivered, or faxed and confirmed by letter or sent by overnight delivery service, to the party whom it is address at the following addresses or such other address as such party may advise the other in writing:

    To the Company:

    OxySure Systems, Inc                               Telephone:  (972) 294-6555
            10880 John W. Elliot Drive
    Suite 600
    Frisco, TX 75033

    To ANUBIS

    Anubis Capital Partners                              Telephone: (972) 818-3333
    2550 Midway Road, Suite 198
    Carrollton, TX 75006

**EXHIBIT B**
JURISDICTION

Each of the Company and ANUBIS hereby irrevocably; (a) submits to the jurisdiction of any court of the State of Texas or any federal court sitting in the State of Texas for the purposes of any suit, action or other proceeding arising out of the Agreement between the Company and ANUBIS which is brought by or against either party; (b) agrees that all claims in respect of any suit, action or proceeding may be heard and determined in any such court; and (c) to the extent that the Company or ANUBIS has acquired, or hereafter may acquire, any immunity from jurisdiction of any such court or from any legal process therein, each of them hereby waives, to the fullest extent permitted by law, such immunity.

Each of ANUBIS and the Company hereby waives, and ANUBIS and the Company agree, not to assert in any such suit, action or proceeding, in each case, to the fullest extent permitted by applicable law, any claim that: (a) ANUBIS or the Company, as applicable, is not personally subject to the jurisdiction of any such court; (b) it is immune from any legal process (whether through service or notice, attachment prior to judgment, attachment in the aid of execution, execution or otherwise) with respect to it or its property; (c) any such suit, action or proceeding is brought in an inconvenient forum; (d) the venue of any such suit, action or proceeding is improper; or (e) this Agreement may not be enforced in or by any such court.

Nothing in these provisions shall affect any party's right to serve process in any manner permitted by law or limit its rights to bring a proceeding in the competent courts of any jurisdiction or jurisdictions or to enforce any lawful manner a judgment obtained in one jurisdiction in any other jurisdiction.