UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALPHA CAPITAL ANSTALT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | 15-CIV-5443 (VM) (GWG) |
| | § | |
| OXYSURE SYSTEMS, INC., | § | |
| | § | |
| *Defendant*. | § | |

### DEFENDANT OXYSURE SYSTEMS, INC.'S
### REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Oxysure Systems, Inc., respectfully submits this Reply in Support of its Motion for Protective Order. In the interests of judicial and party economy, Oxysure posits the following points for the Court's consideration so as to not belabor the point:

*First*, Plaintiffs have identified no decision that holds their way. Every decision cited by the Plaintiffs stands for the primary proposition that a protective order is designed to protect sensitive and confidential information, and that such determination is always a case-by-case inquiry. There are no hard and fast rules. None of the cases cited by the Plaintiffs stands for the proposition that Oxysure cannot keep its "commercial information" – e.g., its purported transactions, negotiations, strategies, and contract options confidential and private, whereas Rule 26 and Oxysure's caselaw support that position outright. *See* Motion at pp. 2-4; *see also Zenith Radio Corp. v. Matsushita Electric Industrial Co.,* 529 F.Supp. 866 (E.D. Pa. 1981); *John Wiley & Sons Inc. et al v. Book Dog Books LLC et al.*, cause number 13-cv-816 (WHP) (GWG) (March 26, 2014) (Gorenstein, M.J.) (*quoting Vesta Corset Co., Inc. v. Carmen Foundations, Inc.*, 1999 U.S. Dist. LEXIS 124, 1999 WL 13257, at *3 (S.D.N.Y. Jan 13, 1999) (citing *Quotron Systems, Inc., v. Automatic Data Processing, Inc.*, 141 F.R.D. 37, 40 (S.D.N.Y. 1992)) (limiting disclosure

to counsel and experts); *Sullivan Marketing, Inc., v. Valassis Communications, Inc*., 1994 U.S. Dist. LEXIS 5824, 1994 WL 177795, at *2 (S.D.N.Y. 1994) (limiting disclosure of documents relating to pricing and market strategies to outside counsel and consultants retained for litigation and denying access to party and its in-house counsel because in-house counsel was sufficiently involved in competitive decision-making); *Culligan v. Yamaha Motor Corp*., 110 F.R.D. 122, 126 (S.D.N.Y. 1986) (limiting disclosure to plaintiff's counsel); *Stillman v. Vassileff*, 100 F.R.D. 467, 468 (S.D.N.Y. 1984) (limiting disclosure to plaintiff's counsel); s*ee also ABC Rug & Carpet Cleaning Serv. v. ABC Rug Cleaners, Inc*., 2009 U.S. Dist. LEXIS 2314, *8-9 (S.D.N.Y., Jan. 14, 2009) ("Ample precedent exists for limiting disclosure of . . . proprietary information to attorneys and experts, particularly when there is some risk that a party might use the information . . . to gain a competitive advantage over the producing party.") (quoting *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc*., 1998 WL 186728, at *2 (E.D. La., 1998) (citing cases)).

**_Second_**, in its exhibit to its opening Motion, Oxysure submitted a document-by-document explanation of the grounds for seeking protection. This exhaustive treatment satisfied Oxysure's burden and Plaintiffs never once address why it was insufficient. This was never responded to directly. Thus, on its face, the factual inquiry should lean towards Oxysure's favor.

**_Third_**, Plaintiffs act as if every document was designated Attorneys Eyes Only or Confidential. Nothing could be further from the truth. Less than 10% of the documents produced were so designated—demonstrating Oxysure's good faith efforts not to stymie discovery in this case.

**_Fourth_**, Plaintiffs have already conceded that they believe that the Transaction Documents are the key documents at issue—those have been produced and can be seen by Alpha Capital's employees. Plaintiffs never explain how Alpha's direct access to the Transaction Documents, to

the non-designated collateral documents, and their attorneys' access to the designated documents, causes even an ounce of prejudice. While Plaintiffs insist that they will suffer prejudice if Alpha's employees are not allowed to view the documents in question, they never squarely address what that prejudice is given the dubious and tenuous relevance of the documents, why the prejudice is not mitigated by the inclusion of Mr. Grushko as counsel, and why that prejudice necessarily outweighs Oxysure's rights. As this Court will recall, the documents in question are not the final transaction documents that Plaintiffs allege caused a breach of their contractual rights—they are the negotiations of those transactions, non-consummated versions of those transactions, or other collateral issues. *See* Motion at pp. 4-6. Moreover, Plaintiffs specifically requested, and this Court allowed, Mr. Grushko, a lawyer who regularly interfaces with Alpha Capital, to be included in the outside counsel who may see the documents specifically because they wanted his expertise. Given these two factors, Plaintiffs cannot identify what prejudice remains, or how any residual, minimal prejudice outweighs the prejudice Oxysure is seeking to protect against.

*Finally*, Oxysure has not abused the process or system, and Plaintiffs have not identified an iota of prejudice that could conceivably outweigh Oxysure's interests.

For these reasons, Oxysure respectfully requests that this Court grant the motion.

Respectfully submitted this 6th day of January, 2016.

        **STECKLER LLP**

        */s Mazin A. Sbaiti*
        **Mazin A. Sbaiti, Esq.**
        State Bar No. 4339057
        12720 Hillcrest Rd.
        Suite 1045
        Dallas, Texas 75230
        T: (972) 387-4040
        F: (972) 387-4041
        Mazin@Stecklerlaw.com
        *Counsel for the Defendant*

## **CERTIFICATE OF SERVICE**

      This is to certify that on the 6th day of January, 2016, a true and correct copy of the above and foregoing instrument was served via electronic service and/or First Class mail, upon the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Kenneth Zitter
260 Madison Avenue #18
New York, NY 10016
Ph:  212-532-8000
Fax: 212-679-8990

                                               */s Mazin A. Sbaiti*
                                               Mazin A. Sbaiti, Esq.