IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALPHA CAPITAL ANSTALT, § | | |
| OSHER CAPITAL PARTNERS, § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | Case No. 15-cv-005443-VM (IMB) |
| § | | (Ref Case 1:15-cv-09594) |
| OXYSURE SYSTEMS, INC. et al. § | | |
| § | | |
| *Defendants.* § | | |

DECLARATION OF JULIAN ROSS IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

Collin County )
              )
State of Texas )

I, Julian Ross, declare under penalty of perjury that the following testimony is true and correct to the best of my personal knowledge and investigation.

1. I am the CEO and President of Oxysure Systems, Inc., which is a Delaware corporation that has its principal place of business in Collin County, Texas.

2. I am a resident of Collin County, Texas. I derive 100% of my income from my dealings and employment in Collin County, Texas. I own no property or business interests in New York. I have no agents in New York soliciting business or conducting business on my behalf. I have no goods that I sell that are consumed in the State of New York, and I do not expect any of my personal income to come from interstate or international commerce. It would be highly burdensome and injurious to me to have to pay for and manage a litigation in New York.

3. I do not regularly solicit business, nor transact business, in New York on behalf of myself or Oxysure. I have occasionally visited New York on Oxysure business, but this has not revolved around any of the allegations in either of the Complaints before the Court.

4. Oxysure's general business is solicited through other agents and sales and distribution channels. Oxysure otherwise does very limited business with New York. It does not advertise to New York customers specifically, nor directs any substantial business outreach to New York. It occasionally sells product to New York customers who order from it via Amazon or other online sites. Oxysure does not maintain any regular or continuous business relationships in New York. It has no agents in New York. It owns no property in New York.

5.   None of the allegations in the complaint arise out of any of Oxysure's contacts with the State of New York. I never negotiated or performed any part of this transaction with either Alpha or Osher capital in New York. I executed Oxysure's agreements with each of them from my offices in Texas. The only connection with New York was an occasional phone call or email to Mr. Grushko or Mr. Kluger, both of whom I believe reside in New York State. Oxysure's shares are traded over-the-counter, OTC, and not any national or international exchange or platform. Shares are maintained by a transfer agent outside of New York. Thus, the delivery of the Series B shares occurred outside New York, as did the conversions of the shares that Osher has requested under the Agreements.

6.   The allegations of market manipulation are unfounded. At issue in this litigation are the Series B Stock Purchase Agreement, a true and correct copy of which is attached hereto as Exhibit A, and the Series B Certificate of Designation, a true and correct copy of which is attached hereto as Exhibit B.

I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge and investigation on behalf of myself and Oxysure.

_____/s/ Julian Ross_____          _____February 4, 2016_____
Julian Ross, CEO of Oxysure Systems, Inc.                     Date