United States District Court
Southern District of New York
-------------------------------------------------------------x
Alpha Capital Anstalt and
Osher Capital Partners, LLC,

                                Plaintiffs,                              Rule 56.1 Statement

                v.                                                       15 CV 5443 (VM)(GWG)

Oxysure Systems, Inc. and
Julian Ross,

                                Defendants.
-------------------------------------------------------------x

Plaintiffs Alpha Capital Anstalt ("Alpha Capital") and Osher Capital Partners, LLC

("Osher") submit the following statement of uncontested material facts which entitle Plaintiffs to

the relief they seek. Page citations are to Plaintiffs' Memorandum of Law. The facts set forth

therein have been affirmed to be true by Ari Kluger and Kenneth A. Zitter, as set forth in their

respective Affirmations.


1. In December 2013, Alpha Capital purchased 675 shares of Oxysure's Series B Convertible

    Preferred Stock (the "Stock") for $675,000 (p. 3).


2. In December 2014, Alpha Capital purchased an additional 400 shares of Stock for $400,000

    (p. 3).


3. Alpha Capital currently holds 575 shares of Stock (p. 3).

4. In December 2014, Osher purchased 125 shares of Stock for $125,000, which Osher currently holds (p. 3)..

5. As holders of the Stock, both Alpha Capital and Osher had the right, from time to time, to convert all or any portion of their Stock into shares of Oxysure common stock (p. 3; Exhibit A to Zitter Affirmation).

6. In ¶4.13 of the Securities Purchase Agreement ("SPA") Oxysure agreed that it would not issue variable rate securities while Alpha Capital and Osher continued to own the Stock (p. 3; Exhibit A to Zitter Affirmation).

7. In ¶4.13 of the SPA Oxysure agreed that it would not issue any common stock at a price less than the greater of the Stock Conversion Price and the Exercise Price of the Warrants (p. 3-4; Exhibit A to Zitter Affirmation.)

8. Since December 2014, the exercise price of the warrants has always been $1.20 per share (p. 4; Exhibit B to Zitter Affirmation).

9. The SPA also required that Oxysure timely file all reports required to be filed pursuant to the Exchange Act, even if Oxysure was not then subject to the reporting requirements of the Exchange Act (p. 5; Exhibit A to Zitter Affirmation).

10.  Oxysure violated the SPA by issuing three convertible notes in the first quarter of 2015 (p. 5; Exhibit D to Zitter Affirmation).

11.  Oxysure violated the SPA by issuing Series C, D and E convertible preferred stock on June 30, 2015 (p. 6; Exhibit E to Zitter Affirmation).

12.  Oxysure violated the SPA by failing to file the Form 10K which it was obligated to file by April 15, 2016 (p. 7).

13.  Oxysure's issuance of the variable rate securities constitutes a Triggering Event as defined in the Certificate of Rights and Designation of the Series B Convertible Preferred Stock ("B COD") (p. 8-9, 11; Exhibit H to Zitter Affirmation).

14.  Oxysure's failure to file its Form 10K is a Triggering Event as defined in the B COD (p. 10-11; Exhibit H to Zitter Affirmation).

15.  Upon the occurrence of a Triggering Event, the parties specifically negotiated and agreed that to remedy a Triggering Event, each Plaintiff would be entitled to redeem its Stock for shares of Oxysure common stock based upon an agreed formula (p. 8).

16.  That agreement was important to Plaintiffs in order to, among other reasons, avoid, in the
     event of Oxysure's default, the difficulties and expense involved in litigating, proving
     damages and enforcing any judgment (p. 8).

17.  Without the availability of that remedy, Plaintiffs would not have purchased the Stock (p. 8).

18.  On April 19, 2016,  Osher demanded that Oxysure redeem its Stock (p. 12).

19.  Based on the formula set forth in the B COD, Oxysure is obligated to deliver to Osher at
     least 6,028,519 shares of freely trading Oxysure common stock (p. 12; Exhibit K to Zitter
     Affirmation).

20.  The B COD, however, limits the number of common shares which Oxysure may issue to
     Osher at any one time to 4.99% of Oxysure's then outstanding number of common shares
     - the Beneficial Ownership Limitation, as defined therein (p. 12; Exhibit H to Zitter
     Affirmation).

21.  Based upon Oxysure's most recent publicly filed share information, Oxysure, as of February
     19, 2016, had 40,405,496 shares outstanding (p. 12; Exhibit L to Zitter Affirmation).

22. 4.99% of those outstanding shares is. 2,016,234 (p. 13).

4

23.  Because Oxysure is no longer required by statute to file periodic public reports, the number

of Oxysure shares outstanding will no longer be publicly available (p. 13).


24.  Because of the Beneficial Ownership Limitation, Osher still retains the Stock to the extent

that it has not been redeemed (p. 13; Exhibit H to Zitter Affirmation, ¶10(b)).


25.  Osher is entitled to redeem its remaining Stock based upon the price of Oxysure common

stock obtaining at the time of such redemption (p. 13).


Dated: New York, New York
      April 21, 2016

                          Law Offices of Kenneth A. Zitter

                          By_____

                            Kenneth A. Zitter, Esq.
                            Attorneys for Plaintiffs
                              Alpha Capital Anstalt and
                              Osher Capital Partners, LLC
                            260 Madison Avenue, 19th Floor
                          New York, New York 10016
                          (212) 532-8000
                          KAZ-3195


To: Mazin Sbaiti, Esq.

5